UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy Pettway, | ) | CASE NO. 1:14CV562 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert Welch, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |
| | ) | |

This action is before the Court upon objections filed by Petitioner Timothy Pettway, asserting error in the Report and Recommendation ("the R&R") of the Magistrate Judge. The Court ADOPTS the R&R (Doc. 10) in its entirety. The Petition is DENIED AND DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Logan's objections. The objections lack merit.

While not numbered or concisely stated, Pettway appears to object to several findings made in the R&R. First, Pettway contends that R&R incorrectly concluded that seven of his eight claims were procedurally defaulted. Pettway asserted:

Petitioner, through a series of pleadings and applications to various courts, essentially exhausted all of his available state remedies. Therefore his claim should not be barred by any procedural default. Given the fact that the remedies

1

> either by direct appeal, post-conviction appeals and appeals from those rulings petitioner spent some five (5) years pursuing collateral relief through the state courts. To now conclude that these claims are somehow procedurally defaulted would be improper and a miscarriage of justice.

Doc. 13 at 4. Pettway, however, offers no legal argument to suggest error in the R&R. Moreover, a de novo review of that analysis reveals no error. By virtue of not presenting his grounds for relief at the first opportunity they were available to be presented, Pettway lost his state court challenges by virtue of the doctrine of res judicata. The R&R then properly concluded that application of that doctrine supported its finding of procedural default. Pettway has not argued, let alone established, error in that analysis.

Pettway also summarily argues that ineffective assistance of post-conviction counsel should excuse his procedural default. However, he fails to identify the legal standard for this claim, fails to offer any factual argument in support of the claim, and offers no meaningful analysis of such a claim. As such, his objection has no merit.

Finally, Pettway claims that his procedural default should be excused because he has demonstrated actual innocence. Once again, the R&R thoroughly analyzed this claim. In so doing, the R&R noted Pettway's heavy reliance on the recantation by his co-defendant Joseph McGowan. To summarize, during trial, McGowan testified that Pettway shot the victim in the stomach and that McGowan hit the victim in the legs with a baseball bat. McGowan then testified that Pettway took the bat and beat the victim over the head with the bat. In his recantation, McGowan swore that he had lied about the blunt force trauma aspect and admitted that he alone had beaten the victim with the baseball bat. McGowan, however, did not alter his testimony that Pettway had shot the victim in the abdomen.

In resolving this argument, the R&R noted:

> Even taking McGowan's version of the events in his affidavit as true, it does not substantially change the evidence presented at trial: Petitioner still shot the victim; the gunshot was still a potential cause of the victim's death; and Petitioner's post-incident conduct, such as collecting his possessions after the incident, changing his bloody clothes, disposing of the gun, and not reporting the incident to the police, remain unchanged.

Doc. 10 at 21. Pettway highlights no legal or factual error in this analysis. Instead, Pettway makes unsupported statements that "the gunshot wound to the abdomen was inconsequential and certainly did not cause the death of the decedent." Doc. 13 at 3. The record contains no evidence to support this assertion. In fact, later in his objections, Pettway notes that a deputy coroner testified that another condition "contributing to the cause of death was a gunshot to the abdomen." Doc. 13 at 5. Thus, the R&R did not err in its conclusion that McGowan's recantation was insufficient to meet Pettway's burden to demonstrate actual innocence to excuse his procedural default.

Pettway's objections are overruled. The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

January 21, 2016                    /s/ John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT COURT